# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SABRINA LITTLE,

    Plaintiff,        Case Number: 09-13611

v.                GEORGE CARAM STEEH
                 UNITED STATES DISTRICT COURT

CITIMORTGAGE, INC.,

                 VIRGINIA M. MORGAN
    Defendant.       UNITED STATES MAGISTRATE JUDGE

_____ /

## REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 9) AND DENYING PLAINTIFF'S MOTION TO DISMISS AS MOOT (DOC. NO. 12)

In this consumer lending case, Plaintiff Sabrina Little seeks recission of the mortgages she acquired from Defendant Citimortgage. This matter comes before the court on Defendant's motion for summary judgment, filed March 1, 2010, (Doc. No. 9), and Plaintiff's motion to dismiss, filed April 9, 2010, (Doc. No. 12). The court heard oral argument on Defendant's motion for summary judgment on April 21, 2010. For the reasons stated below, the court recommends **GRANTING** Defendant's motion for summary judgment and **DENYING** Plaintiff's motion to dismiss as moot.

## I. Background

On June 15, 2007, Plaintiff entered into two mortgage contracts with Citimortgage. (Def.'s Mot. Exs. 1 and 3, Mortgages). The senior mortgage was an adjustable rate, interest-only loan in the amount of $220,000. (Def.'s Mot. Ex. 2, Interest-Only Period Adjustable Rate Note). The beginning interest rate was 6.25%. *Id.* Starting on July 1, 2012, the senior mortgage interest rate

1

became adjustable up to 11.25%. *Id.* The junior mortgage of $55,000 was a fixed-rate loan with an interest rate of 9.685%. (Def.'s Mot. Ex. 4, Fixed Rate Home Equity Loan Note).

On August 10, 2007, Citibank notified Plaintiff that her mortgage payment on the senior loan had not been received and was late. (Def.'s Mot. Ex. 16, 8/10/07 Ltr. from Citibank to Little).

On December 15, 2008, Plaintiff contacted Citimortgage regarding a loan modification. (Pl.'s Resp. ¶ 5). Plaintiff was told by a Citimortgage representative that she had to be delinquent for 90 days to qualify for the loan modification program. *Id.* In order to pre-qualify for a loan modification, Plaintiff filled out the loan modification application, at the instruction of the Citimortgage representative, and sent in the application on December 28, 2008. (Pl.'s Resp. ¶ 6). On January 3, 2009, Plaintiff called Citimortgage and was told that Citimortgage had not received her loan modification application. (Pl.'s Resp. ¶ 6). Plaintiff resent the application to Citimortgage and, on January 15, 2009, Citimortgage confirmed receipt of the application. (Pl.'s Resp. ¶ 7). During the next four months, Citimortgage asked Plaintiff to provide various documents and updated financial information. (Pl.'s Resp. ¶ 8). Plaintiff was never approved for a loan modification.

Citimortgage sent Plaintiff a second letter of payment delinquency on February 18, 2009. (Def.'s Mot. Ex. 16, 2/18/09 Ltr. from Citimortgage to Little). Three months later, on May 4, 2009, Citimortgage wrote to Plaintiff, notifying her that she was in default. (Def.'s Mot. Ex. 16, 5/4/09 Ltr. from Citimortgage to Little). Citimortgage instructed Plaintiff that to cure the default, she would have to pay the past due amount of $4,814.12 by June 4, 2009. *Id.* Two weeks later, Citimortgage sent Plaintiff a second letter reiterating that she was in default and reminding her of the steps she needed to take to cure the default. *Id.* Citimortgage warned Plaintiff that if she did not cure the default, "all amounts due under the Mortgage and Note will become due, and we will send your

account to a local attorney to begin foreclosure proceedings." *Id.*

Plaintiff did not cure the default. As a result, Citimortgage initiated foreclosure proceedings on July 23, 2009. (Compl. ¶ 9). Plaintiff received notice of the foreclosure proceedings that same day. (Pl.'s Resp. ¶ 12).

On August 17, 2009, Plaintiff filed a thirty-six count complaint in Wayne County Circuit Court, in which she asserted that the mortgages were not valid because she had not signed the documents and alleging that Citimortgage had committed violations of federal consumer protection statutes in addition to several common-law causes of action. (Compl.). On September 14, 2009, Citimortgage removed the complaint to this court. (Doc. No. 1).

Since the filing of the lawsuit, Plaintiff has resided in the house at issue. During that time she has not been making mortgage payments to Citimortgage, nor has she escrowed her mortgage payments.

Citimortgage filed the instant motion for summary judgment on March 1, 2010. (Doc. No. 9). The Honorable George Caram Steeh referred the motion to this court on March 17, 2010. (Doc. No. 10). Subsequently, Plaintiff filed a motion to dismiss, (Doc. No. 12), which was also referred to this court, (Doc. No. 14). Oral argument on the motion for summary judgment was held on April 21, 2010. The court, having been advised that the parties have not reached a resolution of this matter as discussed at oral argument, deems this matter ripe for decision.

## II. Analysis

### A. Citimortgage's Motion for Summary Judgment

In deciding a motion for summary judgment, this court uses the following standard of review:

> Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. "The judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial."

*Totes Isotoner Corp. v. Int'l Chemical Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411-12 (6th Cir. 2008) (internal citations omitted).

Citimortgage first argues that Plaintiff's claims for damages under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, are barred by the statute of limitations, which is one year from the date of the occurrence. (Def.'s Mot. 4). Citimortgage also argues that Plaintiff's TILA claims are legally unsustainable because she has not right to rescind a residential mortgage transaction under the statute. *Id.*

Plaintiff did not raise any responsive legal argument to Citimortgage's assertion that the statute of limitations has run or Citimortgage's argument she does not have the right to rescind her mortgages.

Section 1640(e) of the Truth in Lending Act states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" The Sixth Circuit has ruled that the statute of limitations accrues, at the latest, when the parties perform the contract because the required disclosures must be made when the parties contract for the extension of credit. *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir.1973). Plaintiff obtained the loans on June 15, 2007, and did not file the instant lawsuit until August 17, 2009. This action was not commenced within one year, and the statutory period has run.

Plaintiff's claims for damages under TILA are, therefore, barred.

Plaintiff is also unable to rescind her mortgages under TILA. Residential mortgage transactions are specifically exempted from the recission provisions of the TILA. 15 U.S.C. § 1635(e)(1). Plaintiff, therefore, has no claim for recission under the TILA and her recission claim should be dismissed.

Accordingly, Counts I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XVI, XVII, XVIII, XXI, XXII, XXIII, and XXXIV should be dismissed.

Citimortgage next argues that Count XXVIII, Plaintiff's Fair Credit Reporting Act ("FCRA") claim, should be dismissed because Citimortgage is only a furnisher of information to the consumer reporting agencies, not a consumer reporting agency, and is not subject to 15 U.S.C. §§ 1681b, 1681e, as alleged by Plaintiff. (Def.'s Mot. 5-6). Plaintiff did not respond to this argument.

It is Citimortgage's position that it is a furnisher of credit information to the consumer reporting agencies, rather than a consumer reporting agency. There is no evidence in the record to contradict this position. Furthermore, although the FCRA requires furnishers of credit information to report accurate information to consumer reporting agencies regarding a consumer's credit, Plaintiff has not alleged that Citimortgage inaccurately reported information about her to the consumer reporting agencies. *See* 15 U.S.C. § 1681s-2(a)(1)(A). The sections of FCRA that Plaintiff alleges Citimortgage violated are simply inapplicable to Citimortgage because it is not a consumer reporting agency. For these reasons, Plaintiff's FCRA claim, Count XXVIII, should be dismissed.

Citimortgage seeks dismissal of Plaintiff's Fair Debt Collection Practices Act claim, Count XXVII, on the ground that Citimortgage is not a debt collector as defined by the statute. (Def.'s Mot. 6). Plaintiff did not respond to this argument in her brief.

5

In Count XXVII, Plaintiff alleges that Citimortgage "placed calls in violation of 15 U.S.C. § 1692d." (Compl. ¶ 126). Plaintiff further alleges that Citimortgage made the calls after being notified, verbally and by written request, to stop calling her residence. (Compl. ¶ 127). Plaintiff also avers that Citimortgage refused to verify the debt that it was attempting to collect from Plaintiff and Citimortgage is attempting to collect on a note that it does not own. (Compl. ¶¶ 130-131).

Under 15 U.S.C. § 1692a(6)(F), a debt collector does not include:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Citimortgage is not a debt collector, for the purposes of the Fair Debt Collection Practices Act, because Citimortgage originated the debt. *See* 15 U.S.C. § 1692a(6)(F)(II); Def.'s Mot. Ex. 1, Senior Mortgage; Def.'s Mot. Ex. 3, Junior Mortgage. Accordingly, Count XXVII should be dismissed.

With respect to Plaintiff's breach of contract claims, Counts XXVI and XXXI, Citimortgage argues that summary judgment should be entered because Plaintiff has not established any breach of contract. (Def.'s Mot. 7). Citimortgage contradicts Plaintiff's claim that she was not sent any notices of default or notices of acceleration with copies of the letters it sent to Plaintiff concerning the default and acceleration. (Def.'s Mot. 8). Citimortgage also points out that Plaintiff seeks to hold it liable for breaches of an unspecified pooling and servicing agreement, when there is no evidence that Plaintiff is a party to said agreement. (Def.'s Mot. 8). Plaintiff did not respond to these arguments.

In order to survive summary judgment on her contractual claims, Plaintiff must show that a valid contract exists between the parties and provide evidence that: 1) the terms of the parties' agreement require the performance of certain actions; 2) Citimortgage violated the terms of the contract; and 3) the breach caused an injury to Plaintiff. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir.1999).

With respect to Plaintiff's claim that Citimortgage breached the mortgage agreements by failing to provide her with notices of default and acceleration, Citimortgage has rebutted the claim with the notices it sent to Plaintiff, which notified her of the default and acceleration. (Def.'s Mot. Ex. 5, Aff. of Jennifer Sherman, Ex. 16 Ltrs. from Citimortgage to Sabrina Little). Plaintiff has not presented any evidence contradicting the veracity of Citimortgage's representations or the documentary evidence. Thus, there is no factual question regarding whether Citimortgage breached the mortgage agreements; as a matter of law, Plaintiff has not shown that a breach occurred and Count XXVI should be dismissed.

Plaintiff's claim for a breach of the pooling and servicing agreement similarly fails as a matter of law because Plaintiff has not shown that she is a party to the agreement. Therefore, no valid contract exists between the parties and Count XXXI should be dismissed.

Plaintiff's claim for relief based on Fed. R. Civ. P. 17(a), Count XXV, should also be dismissed because the Federal Rules of Civil Procedure cannot form the basis for a cause of action.

Next, Plaintiff's claim for breach of fiduciary duty, Count XXXII, should be dismissed because, as Citimortgage argues, Plaintiff has not established that Citimortgage owed her a fiduciary duty. There is no evidence that Citimortgage was a fiduciary in this situation. Nor, has Plaintiff furnished documentary evidence showing that Citimortgage breached the fiduciary duties she alleges

7

that Citimortgage owed her. Accordingly, Count XXXII should be dismissed.

In Count XXX, Plaintiff alleges that Citimortgage wrongfully foreclosed on her property because Citimortgage did not comply with her demand to produce the original note. (Compl. ¶ 152). Michigan law does not require the mortgage servicing agent, in this case Citimortgage, to produce the original note before initiating foreclosure proceedings. *See* Mich. Compl. Laws § 600.3204(1). Count XXX, therefore, should be dismissed.

Likewise, Count XXXIII, which alleges a claim based on the unclean hands doctrine, should be dismissed. The unclean hands doctrine is not a cause of action but, rather, a defense raised by a defendant when the plaintiff has come to the court seeking an equitable remedy and the plaintiff has acted in bad faith relative to the remedy the plaintiff seeks. *See Isbell v. Brighton Area Schools*, 199 Mich. App. 188, 189 (1993). The unclean hands doctrine is, therefore, in applicable and Count XXXIII should be dismissed.

Plaintiff also pleads "homestead rights" as a cause action, Count XXXV. The court infers from the complaint that Plaintiff alleges that her homestead rights in the property bar Citimortgage from foreclosing on her property. (Compl. ¶¶ 178, 180). Plaintiff's "homestead rights," if any, do not operate as a bar to Citimortage's right, as Plaintiff's mortgage servicer, to foreclose on Plaintiff's property, after she defaulted on her mortgages. *See* Mich. Compl. Laws § 600.3204(1). As a result, Count XXXV should be dismissed because Plaintiff has not pled a legally recognizable claim.

Citimortgage next seeks dismissal of Plaintiff's infliction of emotional distress claim, Count XXXVI. Citimortgage argues that this claim should be dismissed because Plaintiff has not produced evidence showing conduct rising to the level necessary to prove an intentional infliction of emotional distress claim and negligent infliction of emotional distress is not applicable to the facts

8

of this case. (Def.'s Mot. 10-12).

In order to establish a claim for intentional infliction of emotional distress, Plaintiff has to demonstrate: 1) extreme and outrageous conduct; 2) intent or recklessness; 3) causation; and (4) severe emotional distress. *Graham v. Ford*, 237 Mich. App 670, 674 (1999). Liability for this tort will only be found where the conduct complained of is so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency. *Doe v. Mills*, 212 Mich. App 73 (1995). The trial court must initially determine whether a defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery. *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App 567, 582 (1999).

In Count XXXVI, Plaintiff avers:

182. Defendant ignored Plaintiff's sincere efforts to resolve the above described issues and deliberately acted to aggravate Plaintiff by lying, deceiving, misrepresentations and/or ignoring Plaintiff's requests.
183. Defendant has destroyed Plaintiff's good credit profile, Plaintiff's public image and continues to harass Plaintiff with collection calls to Plaintiff's residence.

(Compl. ¶¶ 182-183).

None of the behavior alleges rises to the level of outrageous or extreme conduct, nor has Plaintiff provided any evidence of such. Plaintiff's intentional infliction of emotional distress claim, therefore, fails as a matter of law and should be dismissed.

Plaintiff also cannot proceed with her negligent infliction of emotional distress claim. The negligent infliction of emotional distress tort generally applies only to a "situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result." *Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 629 (1993). Plaintiff has not pleaded any facts or presented any evidence that she witnessed a negligent injury to a third party and has a resulting mental injury.

Accordingly, Plaintiff's negligent infliction of emotional distress claim should be dismissed.

Lastly, Citimortgage argues that Plaintiff's slew of claims based on the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et al.* on the grounds that some of Plaintiff's claims fail as a matter of law and other claims are time-barred. (Def.'s Mot. 13-14).

In Counts IX and XIX, Plaintiff alleges that Citimortgage violated unspecified sections of RESPA by failing to provider her with a good faith estimate of the costs and fees associated with the mortgages and an interest rate disclosure. (Compl. ¶¶ 53, 93). Even if this court were to assume that Citimortgage failed to make RESPA disclosures, RESPA itself does not create a private right of action for technical violations of its disclosure mandates. *See Chow v. Aegis Mort. Corp.*, 286 F.Supp.2d 956, 962 (N.D.Ill. 2003) (surveying RESPA disclosure cases and legislative history and holding that technical violations of RESPA disclosure requirements do not give rise to a private right of action). Thus, Counts IX and XIX should be dismissed as a matter of law.

In Counts XIII, XIV, XV, XXIII, Plaintiff alleges that Citimortgage failed to produce acceleration statements, disclosures about acceleration fees and finance charges and notices of default and rights to cure. (Compl. ¶¶ 68, 73, 77, 109). RESPA does not require disclosures of the types identified by Plaintiff. Accordingly, these RESPA claims fails as a matter of law.

Plaintiff accuses Citimortgage of receiving "kick-backs, fee-splitting, and referral fees" in violation of "Section 8 of RESPA" and requiring Plaintiff to use a particular title company in violation of "Section 9 of RESPA" in Count XXIX. Under 12 U.S.C. §§ 2607 and 2608, mortgage lenders are forbidden from accepting kickbacks, or fees and are not allowed to require the buyer to use a specific title company.

Plaintiff also accuses Citimortgage of failing to respond to a Qualified Written Request.

10

Nonetheless, except for her bare allegations, Plaintiff has not provided any documentary evidence of her claims. Furthermore, with respect to Plaintiff's claims pursuant to §§ 2607 and 2608, these claims are barred by the one-year statute of limitations. *See* 12 U.S.C. § 2614.

With respect to Plaintiff's claim regarding her Qualified Written Request, with arises under 12 U.S.C. § 2605(e)(1)(A), which requires a loan servicer to acknowledge borrower inquiries within 20 days and substantively respond within 60 days, Plaintiff has failed to allege any damages that she suffered as a result of Citimortgage's alleged failure to respond to her May 22, 2009 Qualified Written Request. At that point, Plaintiff was severely delinquent on her loan and Citimortgage already had the right to begin foreclosure proceedings. A failure to comply with this section does not entitle the borrower to rescind the mortgage nor does it preclude foreclosure. *See* 12 U.S.C. § 2605(f). Rather, it merely awards the actual damages that the borrower suffered as a result of the noncompliance. 12 U.S.C. § 2605(f)(1)(A). In this case, Plaintiff has not alleged or established any actual damages due to Citimortgage's alleged failure to comply with this section of RESPA.

For these reasons, Count XXIX should be dismissed in its entirety.

**B. Plaintiff's Motion to Dismiss**

As discussed above, Plaintiff does not have any remaining legal claims. Accordingly, her motion to dismiss is **DENIED AS MOOT**.

### III. Conclusion

For the reasons stated above, the court recommends that Citimorgage's motion for summary judgment be **GRANTED**, that plaintiff's motion to dismiss be **DENIED**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: July 16, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on July 16, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan