UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABRINA LITTLE,

        Plaintiff,

                                        Case No. 09-CV-13611
v.                                     HON. GEORGE CARAM STEEH

CITIMORTGAGE, INC.,

        Defendant.

_____/

## ORDER ACCEPTING JULY 16, 2010 REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO DISMISS AS MOOT

Plaintiff Sabrina Little, appearing pro se, filed a 36-count complaint on August 17, 2009 in Wayne County Circuit Court seeking rescission of mortgages serviced by Defendant Citimortgage. On September 14, 2009, Defendant removed the case to this Court. The Court set a dispositive motion deadline of March 1, 2010. On March 1, 2010, Defendant filed a motion for summary judgment. On April 9, 2010, Plaintiff filed a motion to dismiss. The motions were referred to Magistrate Judge Morgan. A hearing was held on Defendant's motion for summary judgment on April 21, 2010. On July 16, 2010, Magistrate Judge Morgan issued a Report and Recommendation concluding that the Court should grant Defendant's motion for summary judgment and deny Plaintiff's motion to dismiss as moot. In her Report, Magistrate Judge Morgan methodically analyzed all 36 claims asserted by Plaintiff. Plaintiff filed objections to the Report and Recommendation and Defendant filed a response to the objections. The Court has reviewed the file, record,

and Magistrate Judge's Report and Recommendation and given due consideration to Plaintiff's objections. The Court adopts Magistrate Judge Morgan's July 16, 2010 Report and Recommendation, grants Defendant's motion for summary judgment, and denies Plaintiff's motion to dismiss.

Plaintiff asserts a number of objections to Magistrate Judge Morgan's Report and Recommendation. However, Plaintiff's objections fail to address the substantive merits of Defendant's motion for summary judgment or to identify any errors in Magistrate Judge Morgan's analysis.

First, Plaintiff objects to the Report as it does not address the substance of her motion to dismiss or discuss the documents attached to her motion to dismiss. (Obj., ¶¶ 2-3.) More than a month after the dispositive motion deadline expired, Plaintiff filed a motion to dismiss alleging the bank lacked standing to foreclose. Because Plaintiff's claims were resolved upon consideration of Defendant's motion for summary judgment, there was no need to address Plaintiff's motion. As the Report states, "Plaintiff does not have any remaining legal claims" and therefore her motion to dismiss is moot. Plaintiff fails to explain how analysis of the documents attached to her motion to dismiss would change the ruling on Defendant's motion for summary judgment. Indeed, Plaintiff failed to address the merits of Defendant's motion for summary judgment in her brief in response to Defendant's motion. In the Report, Magistrate Judge Morgan noted Plaintiff's failure to address Defendant's summary judgment arguments. Because Plaintiff's claims fail, the Court finds no need to address the merits of Plaintiff's motion to dismiss as the motion is moot.

Second, on a related note, Plaintiff appears to argue for the recusal of Magistrate Judge Morgan based on Magistrate Judge Morgan's failure to address the substance of

Plaintiff's motion to dismiss. (Obj., ¶¶ 4-7, 10.) As discussed above, Plaintiff's motion to dismiss was denied as moot and therefore no substantive analysis of the motion was necessary. As to Plaintiff's suggestion regarding recusal, Plaintiff did not file a motion for recusal of Magistrate Judge Morgan. While a motion for recusal of Magistrate Judge Morgan would be decided by her, the Court notes that "bias sufficient to justify recusal must be a personal bias 'as distinguished from a judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" U.S. v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983) (citations omitted).

Third, Plaintiff cites the standard under Federal Rule of Civil Procedure 15(b)(2) for amendments to pleadings during and after trial, and states she will be "forced" to file a motion to amend the complaint. (Obj., ¶¶ 8-9.) Plaintiff has filed a motion to amend, properly citing Rule 15(a), which the Court will rule upon by separate order.

Fourth, Plaintiff objects to Magistrate Judge Morgan's finding that Plaintiff received notice of the foreclosure proceedings on July 23, 2009. Plaintiff states: "Plaintiff has never admitted to receiving nor has Plaintiff ever received notice of the foreclosure proceedings." (Obj., ¶ 12.) However, Plaintiff's brief in response to Defendant's motion for summary judgment states that "[o]n July 23, 2009, Plaintiff was notified by mailing circulars and phone calls regarding the 'notice of foreclosure' that had been posted in the Legal News regarding Plaintiffs property." (Pl.'s Resp., ¶ 12.) The Court therefore accepts Magistrate Judge Morgan's finding.

Fifth, Plaintiff objects to Magistrate Judge Morgan's recommendation to dismiss Counts XXVI, XXIX, and XXX. As to Count XXVI, Plaintiff states she "has denied and refuses to accept as valid" the documents submitted by Defendant and relied upon by

Magistrate Judge Morgan. (Obj., ¶ 14.) However, as Magistrate Judge Morgan found, "Plaintiff has not presented any evidence contradicting the veracity of Citimortgage's representations or the documentary evidence."[1] As to Plaintiff's claim regarding her Qualified Written Request (part of Count XXIX), Plaintiff alleges she "has already been prosecuted from the bench" but fails to address the deficiencies in her claim, particularly her failure to allege or establish damages. (Obj., ¶ 18.) As to Count XXX, Plaintiff objects to Magistrate Judge Morgan's finding but fails to explain the basis of her objection. (Obj., ¶ 16.) Plaintiff simply quotes the allegations in her claim. Plaintiff's objections are therefore overruled.

Finally, Plaintiff seeks clarification regarding the ramifications of Magistrate Judge Morgan's Report and Recommendation. (Obj., ¶ 20.) The Report addresses each of Plaintiff's claims before recommending Defendant's motion for summary judgment be granted. The Report clearly states that "Plaintiff does not have any remaining legal claims."

For the reasons set forth above, the Court adopts Magistrate Judge Morgan's July 16, 2010 Report and Recommendation, grants Defendant's motion for summary judgment, denies Plaintiff's motion to dismiss, and dismisses Plaintiff's claims.

SO ORDERED.

---

[1] On July 30, 2010, two weeks after Magistrate Judge Morgan issued the Report and Recommendation and nearly five months after Defendant filed its motion for summary judgment, Plaintiff filed a motion to strike the exhibits and affidavits attached to Defendant's motion for summary judgment. (Dkt. #18) Plaintiff states, under penalty of perjury, that she did not sign the mortgage documents. In her response to Defendant's motion for summary judgment, Plaintiff alleged the exhibits attached to the motion were fabricated and denied the validity of all signatures. (Dkt. #13, p. 1) Therefore, Magistrate Judge Morgan has already considered Plaintiff's assertion. Moreover, at this late stage, and in light of Plaintiff's earlier admission "to signing a note" (Dkt. #13, p. 2), the Court denies Plaintiff's motion to strike.

Dated: October 21, 2010

                                            s/George Caram Steeh  
                                            GEORGE CARAM STEEH  
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2010, by electronic and/or ordinary mail and also to Sabrina Little at 14550 Harrison #6, Livonia, MI 48154.

s/Josephine Chaffee  
Deputy Clerk

---